IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ERIC TREMAINE WILLIAMS, #46589**                                **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 3:07-cv-500-HTW-LRA**

**YASMEEN D. MUHAMMAD, et al.**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status. On August 27, 2007, an order was entered directing Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days  The order warned Plaintiff that his failure to timely comply with the requirements of the order would result in the dismissal of his complaint. Plaintiff failed to comply with this order.

On October 12, 2007, an order [5] was entered directing Plaintiff to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's August 27, 2007 order. In addition, Plaintiff was directed to comply with the Court's order by filing the required documentation, within fifteen days. The show cause order warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice. Plaintiff did not comply with the Court's show cause order.

On November 21, 2007, a second order [8] to show cause was entered. Plaintiff was directed to show cause, within fifteen days, why this case should not be dismissed for his

failure to comply with the Court's orders of August 27, 2007 and October 12, 2007.  In addition, Plaintiff was directed to comply with the Court's August 27, 2007 order by filing the required documentation, within fifteen days.  This second show cause order also warned Plaintiff that failure to timely comply with the requirements of the order would lead to the dismissal of his complaint, without further notice.  Plaintiff has not complied with the Court's second show cause order.

Plaintiff has failed to comply with three Court orders.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE is proper.  Since the defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Automotive Partners,*

*LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED this the 30th day of January, 2008.

                              s/ HENRY T. WINGATE
                              CHIEF UNITED STATES DISTRICT JUDGE


Civil Action No. 3:07-cv-500 HTW-LRA
Memorandum Opinion and Order Dismissing
  the Plaintiff's Complaint